JS6

# UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

### CIVIL MINUTES – GENERAL

Case No. 8:24-CV-00486-DOC-KESx                    Date: March 8, 2024

Title: ALIANA MARIE GARCIA V. TARGET CORP.

---

PRESENT:

THE HONORABLE DAVID O. CARTER, JUDGE

| Karlen Dubon | Not Present |
|---|---|
| Courtroom Clerk | Court Reporter |

| ATTORNEYS PRESENT FOR PLAINTIFF: | ATTORNEYS PRESENT FOR DEFENDANT: |
|---|---|
| None Present | None Present |

---

**PROCEEDINGS (IN CHAMBERS):**    **ORDER SUA SPONTE REMANDING CASE TO ORANGE COUNTY SUPERIOR COURT**

### I.  Background

Plaintiff Aliana Marie Garcia was shopping at a Target when she slipped and fell on water on the floor. Complaint (Dkt. 1-2) at 7. This fall, Plaintiff alleges, caused injury to her leg, hip, arm, buttocks, and head. *See* Ex. E (Dkt. 1-6).

Plaintiff sued in Orange County Superior Court for negligence and premises liability. Defendant then removed the case to this Court, asserting diversity jurisdiction. *See generally* Notice of Removal ("Not.") (Dkt. 1).

### II.  Legal Standard

"If at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded." 28 U.S.C. § 1447(c). Removal of a case from state court to federal court is governed by 28 U.S.C. § 1441, which provides in relevant part that "any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed . . . to the district court of

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES – GENERAL

Case No. 8:24-CV-00486-DOC-KESx                                    Date: March 8, 2024

Page 2

the United States for the district and division embracing the place where such action is pending." 28 U.S.C. § 1441. This statute "is strictly construed against removal jurisdiction," and the party seeking removal "bears the burden of establishing federal jurisdiction." *Ethridge v. Harbor House Rest.*, 861 F.2d 1389, 1393 (9th Cir. 1988) (emphasis added) (citations omitted).

Federal diversity jurisdiction requires that the parties be citizens of different states and that the amount in controversy exceed $75,000. 28 U.S.C. § 1332(a). For diversity jurisdiction purposes, a corporation is "deemed to be a citizen of every State and foreign state by which it has been incorporated and of the State or foreign state where it has its principal place of business." 28 U.S.C. § 1332(c)(1). The presence of any single plaintiff from the same state as any single defendant destroys "complete diversity" and strips the federal courts of original jurisdiction over the matter. *Exxon Mobil Corp. v. Allapattah Servs., Inc.*, 545 U.S. 546, 553 (2005).

Generally, a removing defendant must prove by a preponderance of the evidence that the amount in controversy satisfies the jurisdictional threshold. *Guglielmino v. McKee Foods Corp.*, 506 F.3d 696, 699 (9th Cir. 2008). If the complaint affirmatively alleges an amount in controversy greater than $75,000, the jurisdictional requirement is "presumptively satisfied." *Id.* A plaintiff who then tries to defeat removal must prove to a "legal certainty" that a recovery of more than $75,000 is impossible. *St. Paul Mercury Indem. Co. v. Red Cab Co.*, 303 U.S. 283, 288-89 (1938); *Crum v. Circus Enters.*, 231 F.3d 1129, 1131 (9th Cir. 2000). This framework applies equally to situations where the complaint leaves the amount in controversy unclear or ambiguous. *See Gaus v. Miles, Inc.*, 980 F.2d 564, 567 (9th Cir. 1992); *Sanchez v. Monumental Life Ins. Co.*, 102 F.3d 398, 403-04 (9th Cir. 1996).

A removing defendant "may not meet [its] burden by simply reciting some 'magical incantation' to the effect that 'the matter in controversy exceeds the sum of [$75,000],' but instead, must set forth in the removal petition the underlying facts supporting its assertion that the amount in controversy exceeds [$75,000]." *Richmond v. Allstate Ins. Co.*, 897 F. Supp. 447, 450 (S.D. Cal. 1995) (quoting *Gaus v. Miles, Inc.*, 980 F.2d 564, 567 (9th Cir. 1992)). If the plaintiff has not clearly or unambiguously alleged $75,000 in its complaint or has affirmatively alleged an amount less than $75,000 in its complaint, the burden lies with the defendant to show by a preponderance of the evidence that the jurisdictional minimum is satisfied. *Geographic Expeditions, Inc. v.*

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES – GENERAL

Case No. 8:24-CV-00486-DOC-KESx                                                         Date: March 8, 2024

Page 3

*Estate of Lhotka ex rel. Lhotka*, 599 F.3d 1102, 1106-07 (9th Cir. 2010); *Guglielmino*, 506 F.3d at 699.

While the defendant must "set forth the underlying facts supporting its assertion that the amount in controversy exceeds the statutory minimum," the standard is not so taxing so as to require the defendant to "research, state, and prove the plaintiff's claims for damages." *Coleman v. Estes Express Lines, Inc.*, 730 F. Supp. 2d 1141, 1148 (C.D. Cal. 2010) (emphases added). In short, the defendant must show that it is "more likely than not" that the amount in controversy exceeds the statutory minimum. *Id.* Summary judgment-type evidence may be used to substantiate this showing. *Matheson v. Progressive Specialty Ins. Co.*, 319 F.3d 1089, 1090–91 (9th Cir. 2003); *Singer v. State Farm Mut. Auto. Ins. Co.*, 116 F.3d 373, 377 (9th Cir. 1997). For example, defendants may make mathematical calculations using reasonable averages of hourly, monthly, and annual incomes of comparable employees when assessing the amount in controversy in a wrongful termination suit. *Coleman*, 730 F. Supp. 2d. at 1148–49.

If the court lacks subject matter jurisdiction, any action it takes is ultra vires and void. *See Gonzalez v. Crosby*, 545 U.S. 524, 534 (2005); *Steel Co. v. Citizens for a Better Env't*, 523 U.S. 83, 94, 101–02 (1998). The lack of subject matter jurisdiction may be raised at any time by either the parties or the court. Fed. R. Civ. P. 12(h)(3). If subject matter jurisdiction is found to be lacking, the court must dismiss the action, id., or remand pursuant to 28 U.S.C. § 1447(c). A Court may raise the question of subject matter jurisdiction sua sponte. *See Snell v. Cleveland, Inc.*, 316 F.3d 822, 826 (9th Cir. 2002).

### III. Discussion

Defendant argues that the amount in controversy exceeds $75,000. Not. at 3-6. To support this contention, Defendant points to several sources of potential recovery, but none show that the amount in controversy exceeds the jurisdictional threshold.

First, Defendant notes that Plaintiff is "making a claim for lost wages and loss of future earnings." Not. at 4. However, Defendant admits they do not know "exactly what [Plaintiff's] income was at the time of the incident." *Id.* Therefore, there is insufficient evidence to assess what Plaintiff's lost earnings, if any, are.

Next, Defendant points to Plaintiff's response to a request for admission. A few months ago, Defendant requested that Plaintiff admit that damages are less than $75,000,

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES – GENERAL

Case No. 8:24-CV-00486-DOC-KESx                                       Date: March 8, 2024

Page 4

and Plaintiff responded "Deny." *Id.* at 5. Plaintiff's response has little bearing on the amount in controversy. During preliminary stages of a case, parties often puff about their damages to increase leverage. This puffery does not satisfy Defendant's burden to "set forth the *underlying facts* supporting its assertion that the amount in controversy exceeds the statutory minimum[.]" *Coleman*, 730 F. Supp. 2d at 1148 (emphasis added).

Finally, Defendant surmises that Plaintiff's emotional distress damages are $1,000,000. *Id.* at 6. Defendant provides no evidence regarding Plaintiff's emotional damages, nor does Defendant cite similar cases where a Plaintiff recovered such a large amount in emotional damages. Therefore, the Court will disregard Plaintiff's alleged emotional injury when calculating the amount in controversy.

All Defendant is left with, then, is Plaintiff's medical bills, which total around $45,000—an amount well below the jurisdictional threshold. Therefore, the Court lacks diversity jurisdiction and the case is hereby REMANDED.

When remanding a case, a court may, in its discretion, "require payment of just costs and any actual expenses, including attorney fees, incurred as a result of the removal." 28 U.S.C. § 1447(c); *see also Jordan v. Nationstar Mortg. LLC*, 781 F.3d 1178, 1184 (9th Cir. 2015). Typically, a court may only award fees and costs when "the removing party lacked an objectively reasonable basis for seeking removal." *Id.* (quoting *Martin v. Franklin Capital Corp.*, 546 U.S. 132, 141 (2005)). In making this determination, courts should look at whether the removing party's arguments are "clearly foreclosed" by the relevant case law. *Lussier v. Dollar Tree Stores, Inc.*, 518 F.3d 1062, 1066-67 (9th Cir. 2008). The Ninth Circuit has further clarified that "removal is not objectively unreasonable solely because the removing party's arguments lack merit," *id.* at 1065, though a court need not find the removing party acted in bad faith before awarding fees under § 1447(c), *Moore v. Permanente Med. Grp.*, 981 F.2d 443, 446 (9th Cir. 1992). Here, while the Court finds that removal was improper, the Court concludes that it was not so inconceivable as to meet the "objectively unreasonable" standard. As a result, the Court declines to award Plaintiff attorneys' fees.

**IV.    Disposition**

For the foregoing reasons, the Court **REMANDS** this case to Orange County Superior Court.

**UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA**

**CIVIL MINUTES – GENERAL**

Case No. 8:24-CV-00486-DOC-KESx                                      Date: March 8, 2024

                                                                                              Page 5

The Clerk shall serve this minute order on the parties.

MINUTES FORM 11                                                      Initials of Deputy Clerk: kdu

CIVIL-GEN